19-511
Singh v. Garland

BIA
Christensen, IJ
A206 443 132

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-one.

PRESENT:
      DEBRA ANN LIVINGSTON,
          *Chief Judge,*
      RICHARD C. WESLEY,
      WILLIAM J. NARDINI,
          *Circuit Judges.*

_____

SUKHDEV SINGH,
    *Petitioner,*

    v.                   19-511
                       NAC

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
    *Respondent\**

_____

**FOR PETITIONER:**        Deepti Vithal, Richmond Hill, NY.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**       Julie M. Iversen, Senior Litigation Counsel; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhdev Singh, a native and citizen of India, seeks review of a February 1, 2019, decision of the BIA affirming a November 30, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhdev Singh,* No. A 206 443 132 (B.I.A. Feb. 1, 2019), *aff'g* No. A 206 443 132 (Immig. Ct. N.Y. City Nov. 30, 2017). We assume the parties' familiarity with the record.

The Government has moved for summary denial of Singh's petition. We construe the Government's motion as its brief and deny the petition on the merits.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The standards of review are

2

well established.  *See* 8 U.S.C. § 1252(b)(4)(B); 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We hold that the agency's adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on inconsistencies in Singh's testimony and inconsistencies between his testimony and the record regarding the two alleged beatings he suffered on account of his membership in the Shiromani Akali Dal Amritsar Mann Party ("Mann Party").  Singh's testimony was inconsistent with his asylum application as to where he was going when he was first attacked by rival party members and whether he was riding his motorbike or had taken his tractor to drop off other party supporters.  Singh also gave inconsistent testimony about whether a second attack occurred in 2013 or 2006.  Singh did not provide compelling explanations for either inconsistency.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Additionally, Singh testified that he received his party identification card in person from the village chief's house in India, but the card was issued in 2010, and Singh testified that he was living in England at that time.  Singh's explanation that he did not remember the dates clearly did

3

not resolve the discrepancy. *Id.*

Having questioned Singh's credibility, the IJ reasonably relied further on his failure to provide corroborating evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ did not err in assigning diminished weight to letters from interested parties who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013). Moreover, Singh's medical reports were prepared between four and eleven years after the alleged treatment and did not indicate they were based on contemporaneous medical records.

Given the inconsistencies and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court